**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| IN RE: )<br>)<br>**Owen Carl Bell** )<br>)<br>       **Debtor** )<br>)<br>)<br>)<br>**John C. McLemore, Trustee** )<br>)<br>       **Plaintiff,** )<br>)<br>v. )<br>)<br>**Owen Carl Bell** )<br>**4099 Brick Church Pike** )<br>**Whites Creek, TN 37189** )<br>)<br>**and** )<br>)<br>**Marla Sue Bell** )<br>**4099 Brick Church Pike** )<br>**Whites Creek, TN 37189** )<br>)<br>**and** )<br>)<br>**The Owen Bell Family** )<br>**Limited Partnership** )<br>**c/o Marla Bell** )<br>**4099 Brick Church Pike** )<br>**Whites Creek, TN 37189** )<br>)<br>       **Defendants.** ) | Case No. 16-029966-CW3-7<br>Chapter 7<br>Judge Charles M. Walker<br><br>Adv. Proc. No. 3:17-ap-90040<br><br>On Appeal to the U.S. District Court<br>Case No. 3:18-cv-00501<br>Chief Justice Crenshaw |

**MOTION TO STAY**

Owen Bell, Marla Bell, and The Owen Bell Family Limited Partnership c/o Marla Bell, the Defendants in this action, (hereinafter the "Defendants") respectfully submit this Motion to Stay Execution of the Judgment. For cause it would be shown:

Pursuant to FRBP 8007, "Ordinarily, a party must move first in the bankruptcy court for . . . a stay of judgment, order, or decree of the bankruptcy court pending appeal." "A court has considerable discretion when determining whether to issue a stay pending appeal." In re GGW Brands, LLC, 504 B.R. 577 (Bankr. C.D. Cal. 2013). "The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion." In re Akhlaghpour, (Bankr. C.D. Cal. July 9, 2018). "The court considers four factors when determining whether to issue a stay pending appeal: (1) Whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) Whether the applicant will be irreparably harmed; (3) Whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) Where the public interest lies." Id. "The four factors may be weighed in a sliding scale, where a stronger showing of one element may offset a weaker showing of another." Id.

As part of this Court's Order granting summary judgment, Trustee was given permission to sell the property located at 4099 Brick Church Pike (hereinafter, the "Property"). It has been previously determined by the trial court that the Property is unable to be partitioned, yet the Trustee has since hired a surveyor to survey the Property anyway. Defendants' position from the beginning of this matter has been that the Property is able to be partitioned, which might allow Marla and Owen Bell to remain in their martial home. After arguing against partition of the Property, Trustee has now hired a surveyor to survey the Property. Defendants submit that Trustee is hiring the surveyor to investigate the possibility of partitioning the property and intends to use a new survey to possibly sell it in parts for a higher profit.

There is a current appeal pending in this Court regarding the decision granting summary judgment. The Order granting summary judgment stated that Trustee met the burden of showing that the Property was able to be sold free and clear of the co-owner's interest. Under 11 U.S.C. §

Case 3:17-ap-90040    Doc 80    Filed 09/07/18    Entered 09/07/18 11:07:02    Desc Main
Document      Page 2 of 4

363(h), a co-owner's interest in property in which the estate owns an interest may be sold only if: (1) partition in kind is impracticable; (2) sale of the estate's undivided interest would realize significantly less for the estate than a sale free of the co-owner's interest; (3) the benefit to the estate of such a sale outweighs the detriment, if any, to the co-owner; and (4) the property is not used in the production, transmission, or distribution, for sale, of electricity or gas for heat, light, or power. This statute places the burden on the Trustee to show that the Property is unable to be partitioned. The Court determined that the Trustee met the burden, relying on *res judicata*. Specifically, the Court cited a 1987 case to determine that the Property was unable to be partitioned and did not require the Trustee to submit any evidence on his Motion to support that finding. The Trustee is now attempting to backpedal and survey the Property to investigate the ability to partition, and Defendants submit that the Trial Court should have required the Trustee to prove that the property could not have been partitioned in kind rather than rely on *res judicata* in granting Trustee's Motion for Summary Judgment.

If this requested stay is not granted, the Property including the Marla and Owen Bell's marital home will be sold, resulting in the loss of their home, therefore, suffering irreparable harm.

This matter is already on appeal, the Trustee is currently attempting to survey the property, and there have been no agreements to purchase the Property to date. The Trustee has not incurred the costs of listing and showing the Property, nor has he attempted to secure a buyer on his own. The Nashville housing market continues to flourish, which can only be beneficial to a future purchase price so granting a stay of execution would not injure any party involved. No parties involved in this matter, including the Trustee, have been injured or could be injured until the District Court rules on the Appeal.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully move this Honorable Court to stay execution of the judgment while the appeal is pending.

Respectfully Submitted,

/S/ Mark T. Freeman
Mark T. Freeman, Esq. (BPR #16098)
FREEMAN AND FUSON
2126 21st Avenue South
Nashville, TN 37212
Phone (615) 298-7272
Fax (615) 298-7274
mark@freemanfuson.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon the following parties via the Court's CM/ECF system, or by United States mail, postage prepaid, this 7th day of September, 2018:

Stephen Montgomery
Neal and Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713 (main)
(615) 238-3516 (direct)
(615) 726-0573 (facsimile)

/S/ Mark T. Freeman
**Mark T. Freeman, Esq.**